```
                 UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

 UNITED STATES OF AMERICA,       Case No. 5:18-CR-341
                                 Akron, Ohio
            Plaintiff            Monday, July 9, 2018
                                 2:32 p.m.
       vs.

 ALLEN BERNHARDT,

            Defendant.

                   TRANSCRIPT OF ARRAIGNMENT
              BEFORE THE HONORABLE JOHN R. ADAMS
                 UNITED STATES DISTRICT JUDGE

 APPEARANCES:

 For the Government:      Mark S. Bennett
                          Assistant United States Attorney
                          2 South Main Street, Suite 208
                          Akron, Ohio 44308

 For the Defendant:       Kevin M. Cafferkey, Attorney
                          Law Office of Kevin Cafferkey
                          55 Public Square, Suite 2100
                          Cleveland, Ohio 44113

 Court Reporter:          Jocelyn S. Lombardi, RPR
                          Hill Court Reporters
                          101 Central Plaza So., Suite 200
                          Canton, Ohio 44702
```

Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided transcription.

1                    P R O C E E D I N G S
2              THE COURT:  For the record, the Court has
3    before it today Case No. 5:18CR341.  The case is United
4    States of America versus Allen Bernhardt.  We're here
5    today for an arraignment.
6              Counsel for the government, are you ready
7    to proceed?
8              MR. BENNETT:  Yes, Your Honor.  For the
9    record, Assistant United States Attorney Mark Bennett
10   covering for U.S. Attorney Carol Skutnik who is the
11   prosecuting attorney on the case.
12             THE COURT:  Thank you.
13             On behalf of the defendant.
14             MR. CAFFERKEY:  Thank you, Your Honor.
15   Kevin Cafferkey, C A F F E R K E Y, here on behalf of
16   Mr. Bernhardt.
17             THE COURT:  Thank you.
18             Mr. Barnhart, this is a proceeding known as
19   an arraignment.  It's an opportunity for the Court to
20   make sure that you're aware of the charges against you,
21   allow you to enter a plea, and then set forth or address
22   certain other matters regarding your case.  You
23   understand those things?
24             MR. BERNHARDT:  Yes, sir.
25             THE COURT:  Before I begin with my

1   questions, you will be placed under oath.  You'll be
2   sworn to tell the truth.
3              MR. BERNHARDT:  I'm didn't quite hear that.
4              THE COURT:  I said before we begin with my
5   questions, you'll be placed under oath.  You'll be sworn
6   to tell the truth, just like you're a witness in the
7   witness stand.  All right?
8              MR. BERNHARDT:  Yes, sir.
9              THE COURT:  Ms. Kestner, would you
10  administer the oath.
11             (Allen Scott Bernhardt was administered the
12              sworn oath.)
13             MR. BERNHARDT:  Yes.
14             THE COURT:  Thank you.  Mr. Bernhardt,
15  would you state your full name and age for the record.
16             MR. BERNHARDT:  Allen Scott Bernhardt,
17  age 30.
18             THE COURT:  Are you under the influence of
19  any type of drugs, alcohol, or medicine that might
20  affect your ability to understand these proceedings?
21             MR. BERNHARDT:  No, sir.
22             THE COURT:  Mr. Cafferkey is here to assist
23  you and represent you in this case.  Have you had an
24  opportunity to speak with him?
25             MR. BERNHARDT:  Yes, sir.

1                THE COURT:  Did you have an opportunity to
2    discuss with him the indictment setting forth the
3    charges against you in this case?
4                MR. BERNHARDT:  Yes, sir.
5                THE COURT:  You understand generally the
6    type of charges or the nature of the charges against
7    you?
8                MR. BERNHARDT:  Yes.
9                THE COURT:  Would you like me to read the
10   indictment to you, sir?
11               MR. BERNHARDT:  No, sir.
12               THE COURT:  Are you prepared to enter a
13   plea?  And if so, how would you plead?
14               MR. BERNHARDT:  Not guilty.
15               THE COURT:  Note the defendant's plea of
16   not guilty.
17               With regard to detention, we have a
18   Pretrial Services report.
19               Counsel for the government, what's the
20   government's position regarding detention?
21               MR. BENNETT:  Your Honor, the government
22   would accept the recommendation of Pretrial Services and
23   ask for a detention of this defendant and, if a hearing
24   is, is necessary, ask for the three days under 3142,
25   Your Honor.

1               THE COURT: Thank you.
2               Mr. Cafferkey.
3               MR. CAFFERKEY: Thank you, Your Honor.
4    Your Honor, at this point in time, we would, we would
5    ask for a hearing. And certainly we would go along with
6    the longest period of time to prepare for that hearing.
7    I would highlight that Mr. Bernhardt was set for July
8    18th. He actually went on to pretrial I believe today.
9    And it, it looks like he had a little mental health
10   issue with pretrial.
11              So, I may be able to talk with him and then
12   be able to file a waiver of that hearing. But until I
13   have an opportunity to go over everything with him, I
14   would ask for, you know, additional time also.
15              THE COURT: All right. Thank you. Can we
16   do Tuesday. Because the Marshals Service is in
17   training. And I've been told we are not to schedule
18   criminal matters. I think Tuesday we can do that. But
19   after that, we're -- I think the last three days of next
20   week is Marshals Service training.
21              MR. CAFFERKEY: Is it possible, Your Honor,
22   to do it in the afternoon on Tuesday?
23              THE COURT: Yes, we can do that.
24              MR. CAFFERKEY: That would be fine.
25              THE COURT: How about 1:30, 1:30 on

1    Wednesday -- I'm sorry -- Tuesday, July 10th.
2                MR. BENNETT:  Your Honor, we may have a
3    conflict.  There's a grand jury of another indictment
4    that the agent and -- both him and Carol Skutnik are
5    involved in.  And I'm trying to see if we can get the
6    time we had hoped for either Monday or Wednesday.
7                THE COURT:  I know it's a bit of a
8    challenge because of the training.  But I don't want to
9    mess -- I don't want to impair -- we're not going to do
10   that; I'm not going to impede on the Marshals' training.
11   So....
12               MR. BENNETT:  It shouldn't be that long of
13   an indictment.  If I could just figure out exactly if
14   it's a morning or an afternoon.  And, and you were
15   saying 1:30 on Tuesday?
16               THE COURT:  Yes.  I mean I can --
17               MR. BENNETT:  We'll make it work, Your
18   Honor.
19               THE COURT:  Will noon work?  Want to do it
20   at noon?
21               MR. BENNETT:  Yeah, we'll do it.
22               THE COURT:  Is the earlier better or later
23   better?
24               MR. BENNETT:  I'm thinking the later is
25   better.  I'm thinking it's -- in the morning is her

1  grand jury.  And then we can do it in the afternoon.
2  So, I think 1:30 would be --
3              THE COURT:  All right.
4              MR. BENNETT:  -- fine.
5              MR. CAFFERKEY:  Judge, any time after 1:30
6  too is fine with the, with the defense.
7              THE COURT:  We'll start at 1:30.  If for
8  some reason Ms. Skutnik needs a little later time, we
9  can work with you on that.
10             MR. BENNETT:  Thank you, Your Honor.
11             THE COURT:  We'll let Mr. Cafferkey know.
12             Mr. Bernhardt, now you're going to need to
13 cooperate with your attorney.  The pretrial report
14 indicates you had some mental-health-related issues.
15 So, we'll try to address that in due course.
16             But part of the reason you're here so early
17 is because we are concerned about your safety and your
18 well-being.  So, if you're having thoughts, thoughts of
19 harming yourself or doing yourself harm, then we'll try
20 to work with you.  But you're going to need to give us
21 some time to do that.
22             And it's important that you remember -- I
23 guess just keep in this mind -- harming yourself or
24 attempting to harm yourself isn't going to make things
25 any better.  It's going to make things a lot worse.

1   And, so, you know, until this process plays out, you're
2   going to have to try to keep positive. And we'll see
3   what happens.
4              I have no idea what this case -- what the
5   evidence in this case is going to be. I have no idea
6   what the consequences could be if the behavior is
7   established. I have no idea. But by trying to
8   -- again, we will try to get you some help. But it's
9   not going to benefit you or your family or anyone else
10  if you hurt yourself. Is that clear?
11             MR. BERNHARDT: Yes, sir.
12             THE COURT: So, actually make sure the CCA
13  is aware of this issue. Okay?
14             MS. MIDOCK: Yes. I made a note of that.
15             THE COURT: Anything else on behalf of the
16  government?
17             MR. BENNETT: No, Your Honor. Thank you.
18             THE COURT: Mr. Bernhardt, we will see you
19  next Tuesday. Cooperate with Mr. Cafferkey. He'll help
20  you and advise you.
21             So, that will be the Court's order.
22             MR. BERNHARDT: Thank you.
23             MR. BENNETT: Thank you, Your Honor.
24             THE COURT: You're welcome.
25             (Proceedings adjourned at 2:39 p.m.)

```
1                     C E R T I F I C A T E

2        I, Jocelyn S. Lombardi, RPR, certify that the
      foregoing is a correct transcript from the record of
3     proceedings in the above entitled matter.

4                     /s/ Jocelyn S. Lombardi

5                     Date:  August 1, 2018
```