IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR341 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLEN BERNHARDT, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |

    Now comes Defendant, Allen Bernhardt, by and through undersigned counsel, Kevin M. Cafferkey, and hereby files this sentencing memorandum.  Mr. Bernhardt respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.  Mr. Bernhardt respectfully requests this Honorable Court to consider his sincere remorse, educational background, commitment to rehabilitation and mental health treatment, depression, lack of any previous criminal history and his statistically low chance of recidivism when imposing a reasonable sentence. Further, the Defendant requests this Court to consider Mr. Bernhardt's voluntary participation in a polygraph examination where it was determined that he has never had sexual contact with a child. Further, the Probation Officer identified that the defendant has no prior criminal history as possible grounds for a variance. (PSR, ¶ 95)

    Mr. Bernhardt is respectfully requesting to be granted a variance to the statutory minimum term of imprisonment, five (5) years, and to serve any term of incarceration at FCI Elkton. FCI Elkton has a specialized residential sex offender treatment program that Mr. Bernhardt can participate in, as well as the residential drug abuse treatment program. The sex offender treatment program is a moderate intensity program designed for low to moderate risk

first-time offenders serving a sentence for Internet sex crimes, i.e. child pornography. Mr. Bernhardt respectfully requests this Honorable Court recommend to the Bureau of Prisons (BOP) that he be permitted to participate in both programs. A more thorough explanation of these requests are set forth in the attached Memorandum in Support incorporated herein by reference.

                        Respectfully Submitted,

                        /s/ Kevin M. Cafferkey_____
                        **KEVIN M. CAFFERKEY, (#0031470)**
                        Attorney for the Defendant
                        55 Public Square
                        2100 Illuminating Building
                        Cleveland, OH 44113
                        (216) 363-6014
                        kmcafferkey@hotmail.com

## MEMORANDUM IN SUPPORT

### I.  PROCEDURAL BACKGROUND.

On June 27, 2018, Allen Scott Bernhardt was named in a two-count Indictment for violating 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), Receipt and Distribution of Child Pornography and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On March 23, 2018, agents executed a search warrant at Mr. Bernhardt's apartment and seized his cellular phone after a text message conversation with an undercover agent on March 19, 2018. The cellular phone agents recovered from Mr. Bernhardt had 499 child pornography images and 10 videos depicting child pornography.  On March 28, 2018, Mr. Bernhardt voluntarily participated in a polygraph examination in Canton, Ohio. During this examination, it was determined that Mr. Bernhardt was truthful in telling the agents that he had never engaged in any sexual activities or sexual contact with a child. Mr. Bernhardt then went home to wait for the results of the investigation.

On August 23, 2018, Mr. Bernhardt pled guilty to the Indictment without a plea agreement. (PSR ¶ 3).  The parties have no agreement about the sentencing range to be used or sentence to be imposed in this case. To date, the Defendant has been held in continuous federal custody since July 3, 2018, when he was remanded to the custody of the United States Marshals for expressing suicidal thoughts. He will have served approximately 156 days (5 months, 3 days) imprisonment at the time of his sentencing.

### II.  EVALUATION OF GUIDELINE RANGE.

The base offense level listed in the PSR is twenty-two (22), for a violation of 18 U.S.C. § 2252(a)(2) in accordance with U.S.S.G. §2G2.2(a)(2). Mr. Bernhardt received the following enhancements: two levels for material involving prepubescent minors less than 12 years of age

(USSG § 2G2.2(b)(2)); five levels for distrusting in exchange for valuable consideration, but not for pecuniary gain (USSG § 2G2.2(b)(3)(B)); four levels for material that depicted sadistic or masochistic conduct or other depictions of violence, or sexual abuse or exploitation of an infant or toddler (USSG § 2G2.2(b)(4)); two levels for possession that resulted from the use of a computer (USSG § 2G2.2(b)(6)); and two levels for offenses involving more than 600 images (USSG § 2G2.2(b)(7)(D)). The adjusted offense level of forty (40) is then reduced by three levels for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b). Therefore, the total adjusted offense level listed in the PSR is thirty-seven (37).

According to the Criminal History Category computation in the PSR, the Defendant has zero (0) criminal history points, corresponding to a Criminal History Category I. Pursuant to USSG, Chapter 5, Part A, the guideline range of imprisonment for an offense level of thirty-seven (37) and a criminal history category of I is 210 months to 262 months. However, the statutorily authorized maximum sentence of 20 years is less than the maximum of the guideline range; therefore, the guideline range is 210 months to 240 months. The mandatory minimum term of imprisonment is five (5) years.

### III. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

#### A. LAW.

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in *18 USC 3553(a)* to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *18 U.S.C 3553(a)* requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and

the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the *Section 3553(a)(1)* requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the *Section 3553(a)(1)* factors might call for a sentence outside the guideline range").

**B. GIVEN THE NATURE AND CIRCUMSTANCES OF MR. BERNHARDT'S OFFENSE AND HIS HISTORY AND CHARACTERISTICS, THE VARIANCE REQUESTED IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO SATISFY THE PURPOSES OF SENTENCING.**

Allen Scott Bernhardt was born on May 2, 1988, in Canton, Ohio and will be thirty (30) years old at the time of his sentencing. Mr. Bernhardt parents have been married his entire life and currently reside in Canton, Ohio. Mr. Bernhardt grew up with a good childhood along with his one sister. He has never been married and does not have any children. Mr. Bernhardt was diagnosed with attention deficit hyperactivity disorder (ADHD) as a child and followed an individualized education plan (IEP) throughout middle and high school. Mr. Bernhardt graduated

from Timken High School in Canton, Ohio and pursued a college degree for one semester at Stark State College. He withdrew from college due to the lack of IEP educational support. Mr. Bernhardt was employed until his arrest in this case.

On September 4, 2018, Mr. Bernhardt provided the following statement accepting responsibility for his actions:

> For the last five (5) years my life has been going downhill. I believe I have been severely depressed. My girlfriend, who I planned on marrying, broke up with me. We were living together and she kicked me out and I had nowhere to live. I initially got into chatrooms for curiosity but after the breakup I began doing it more frequently and getting deeper into it. I would ask a contact to send me some photos and he would. Then he would ask me to send him photos and I would paste a link for a previous contact and send it to him. It was mostly out of curiosity and boredom. Later I was talking to an FBI agent who I thought was a contact. I asked for some nasty pictures and he sent me some. Then he asked me to send him something and I sent pictures of my niece. She was always fully clothed. He wanted more and I sent a link and then quit for the day. In March, I was visited by 6 FBI agents who asked me about my involvement with child pornography. I sat down with them and gave them a complete interview and admitted to my involvement. A few days later they asked me to take a polygraph concerning whether I ever sexually hurt a child. I took the polygraph test and passed it. The agent said if I would have failed it, they would have arrested me on the spot. Then on July 3rd I had a pretrial services interview. I was despondent and I threatened suicide. I was soon arrested.
>
> While in jail, I have been given antidepressants and they have really helped. I do not feel so down all the time and I plan on always taking them. I think my depression led to some of my behavior.
>
> I am truly sorry for what I did. Initially, I did not think I was hurting anybody, however, now looking back I realize I was hurting every child in those pictures. I feel terrible. I would personally never hurt a child. It sickens me that I ever started doing this. I apologize and will never do this again. I stopped immediately after that March meeting with the FBI.

Along with his sincere acceptance of responsibility, Mr. Bernhardt submitted character letters to this Honorable Court. (Ex. A). Mr. Bernhardt's Aunt stated the following:

> I am writing to you on behalf of Allen Bernhardt who will be appearing in your court on December 6, 2918 for his sentencing. I am his Aunt Karen and have been involved in his life since his birth. Allen was diagnosed as a preschooler with ADD issues for which he was on medication until the age of 18. When he reached legal age, he no longer wanted to take any medicine that made him feel "different."
>
> Allen did graduate from Timken High School and has worked in several jobs and attended Stark State Community College for some beginning classes for his AA degree. He has no previous criminal record. So I am asking that you please consider that he admitted that he was wrong when I visited him on Thanksgiving. He knows he will serve time for his crime. In making your decision, I am asking that you please consider a sentence that would help him make the necessary changes to be the person he has the potential to be.

(Ex. A., p 1). Further, his sister stated: "My brother is an idiot. He did a very stupid thing, but he is not a pervert. I am angry that he took a picture of my child from Facebook and shared it. Thank God nothing happened. My husband and I agree we do not want any more contact with him, but I don't think he deserves more than the minimum of what the law requires for his behavior, and I am fine with that." *Id*. at p. 2.  Lastly, with regards to his educational and personal background, Mr. Bernhardt's parents stated in part:

> I would like to provide some life history in this regard. Allen grew up with severe ADHD. He was on Ritalin in grade school, and Concerta in high school, but for the 12 years since graduation has not had any medication. He is still very distractible. He had an IEP in both middle school and high school, the latter of little help as far as that goes. Allen is now 30 years old, and his favorite things are video games, comic books, and movies. He has had maybe 5-6 jobs since high school. He has had 2 girlfriends, one who had an autistic son, and there were no problems between him and the boy. His main problem remains that of being socially inept and expressing discomfort such as confusion and embarrassment with anger, leading to the loss of jobs and relationships. He has had

7

>friends who have been able to help him a little with this, if they are present.

*Id*. at p. 3. Lastly, his parents acknowledge that "Allen behaved in a very stupid manner, playing games with bad people, and he broke the law; but we hope that the minimum punishment will be enough for his behavior." *Id*. The pain and shame this offense has put of Mr. Bernhardt's family is what hurts him the most.

All of the sentencing guidelines are advisory, including those directed by Congress. *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009). Congressional directives "tell the Sentencing Commission, not the courts, what to do," and "a directive that the Commission specify a particular guidelines range is not a mandate that sentencing courts stay within it." *Id*. at 328. The Sentencing Commission has addressed Congress due to the increasing rate of below-guideline sentences for offenders sentenced under USSG § 2G2.2. *See* U.S. Sent'g Comm'n, *Report to the Congress: Federal Child Pornography Offenses* (2012) ["*Child Porn Report*"].[1] As a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability." *Id.* at ii, 323. The Commission explained that because the enhancements for computer use and type and volume of images "now apply to most offenders," the guideline "fails to differentiate among offenders in terms of their culpability." *Id.* at iii, xi; *Id.* at 209, 323. The "technological changes have resulted in exponential increases in the volume and ready accessibility of child pornography, including many graphic sexual images involving very young victims, a genre of child pornography that previously was not widely circulated." *Id.* at 6. Because "sentencing enhancements that originally were intended to provide additional proportional punishment for aggravating conduct

---

[1] Available at http://www.ussc.gov/news/congressional-testimony-and-reports/sex-offense-topics/report-congress-federal-child-pornography-offenses

now routinely apply to the vast majority of offenders," *Id.* at xi, the "current guideline does not adequately distinguish among offenders regarding their culpability for their collecting behaviors," *Id.* at 323. The cumulative enhancements addressing the content and volume of images possessed, "in addition to base offense levels of 18 or 22, result in guideline ranges that are overly severe for some offenders in view of the nature of their collecting behavior." *Id.* "Not all child pornography offenders are pedophiles or engage in other sex offending." *Id.* at 104.

    Mr. Bernhardt is not the dangerous offender Congress envisioned. The Defendant was never involved in large quantities of child pornography and truthfully stated that he has never and would never hurt a child. Mr. Bernhardt has expressed sincere remorse for his actions in this case, admitting that "It sickens me that I ever started doing this." The impact this has had on Mr. Bernhardt is difficult but what is even more difficult for him to face is what this has done to his family.

    Extreme incarceration is not necessary to protect the public, and would be a particularly harsh punishment for Mr. Bernhardt. Mr. Bernhardt's education, employment history, lack of criminal history, and commitment to therapy and mental health treatment puts him towards a very low risk of ever offending in the future. Any mental health treatment Mr. Bernhardt will need is best received outside of prison. Mr. Bernhardt found pornography as an escape from his undiagnosed and untreated depression. There is no evidence that he is a pedophile or that he possesses any actual danger to minors. This Honorable Court can impose a reduced sentence with a more significant period of supervised release to make sure the Defendant complies with all mental health treatment and programs the Probation Department recommends.

    Congress's actions with respect to the child pornography guidelines have stemmed in large part from the belief that those who view child pornography are actually child molesters.

Under this view, punishing child pornography possessors serves as a proxy for punishing child sexual abusers. Aside from the lack of evidence to support this belief in general, Mr. Bernhardt has not been convicted of sexually abusing a child, nor has he ever sexually abused a child. This distinguishes Mr. Bernhardt from the offenders Congress had in mind, and is therefore highly relevant. *See United States v. Marshall*, 870 F. Supp. 2d 489, 491-92 (N.D. Ohio 2012) (rejecting presumption that "those who view child pornography are indistinguishable from those who actually abuse children," finding instead that the "[e]mpirical data strongly suggests that viewing child pornography does not equate to child molestation").

Another primary justification for severely punishing child pornography possessors is that they support the market for child pornography and thus encourage the abuse of more children in order to create new images. *See* 136 Cong. Rec. S4730 (Apr. 20, 1990). Mr. Bernhardt did not pay for any images. Mr. Bernhardt is not contributing to the global demand for child pornography and is not causing any new child pornography to be made because the files already exist and no financial incentive was given. In fact, due to the widespread dissemination on the Internet, images of child pornography are available for free in the privacy of one's home, on a cellular phone, with no planning and minimal effort. As a result, less dangerous people commit this offense than was previously the case, because child pornography is unfortunately easily accessible. Mr. Bernhardt has fully accepted responsibility for his offense and has accepted responsibility for his actions since the date of his arrest. He has further stated, "Initially, I did not think I was hurting anybody, however, now looking back I realize I was hurting every child in those pictures."  Mr. Bernhardt has truly seen what damage can be done with a few clicks on a cellular phone.

Unlike the advisory guideline range of 210 months to 240 months in prison, the requested variance to the mandatory minimum five (5) years imprisonment is "sufficient, but not greater than necessary" to serve sentencing purposes under § 3553(a). The defendant has a high school diploma, has maintained employment and has no history of criminal activities. Moreover, Mr. Bernhardt's sister stated that she is angry with her brother, however, she knows he is not a pervert and asked this Court to consider the minimum sentence. Mr. Bernhardt is not the typical Defendant placed before this Honorable Court. He proactively took and passed a polygraph that indicated he had never had sexual contact with children. This Honorable Court should find that the Defendant's history and character provides reason to believe that the Defendant will pose less danger to the public after serving his sentence. This Honorable Court must choose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed training, care and treatment. 18 U.S.C. § 3553(a)(2). A significant variance in this case would be consistent with the Sentencing Commissions policy statements and consistent with the Defendant's significant mitigating factors. This Honorable Court also must provide the Defendant with needed training, care and treatment. The Defendant is in a better position to receive extensive counseling and mental health treatment outside of the prison system.

This Honorable Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In fiscal year 2011, only 32.8% of defendants sentenced under § 2G2.2 nationwide received a sentence within the guideline range, and 65.6% were below the range. In 2010, the Sentencing Commission noted that 71% of judges surveyed "state that the mandatory

minimum penalty for receipt of child pornography is too high."[2]  Many defendants who access child pornography on their computer do not appreciate the magnitude of the crime being committed or the risk of capture. *United States v. Marshall*, 870 F.Supp.2d 489, 494 (N.D. Ohio 2012).

The Honorable Jack Zouhary from the Northern District of Ohio has opined that he has a strong disagreement to being statutorily bound to impose a sentence of 60 months when sentencing a Defendant involved in the possession, receipt and distribution of child pornography. *United States v. Marshall*, 870 F.Supp.2d 489, 499 (N.D. Ohio 2012). Many defendants who access child pornography on their computer do not appreciate the magnitude of the crime being committed or the risk of capture. *Id*. at 494.  Defendant Marshall was facing an offense level of 34, criminal history category one, and guideline range of 151 to 188 months imprisonment even though he was a first time offender. *Id*. at 493.  The Honorable Zouhary ultimately imposed the mandatory minimum sentence of 60 months.

In *Stall*, the Defendant had only eighteen (18) images at the time of his arrest, but he had downloaded, viewed, and then deleted, an unknown number of images over a period of at least five years. *United States v. Stall*, 581 F.3d 276, 278 (6th Cir. 2009). He plead guilty to two counts of possession of child pornography and received the following enhancements: (1) images depicting sadistic or masochistic conduct; (2) images depicting a prepubescent minor under the age of 12; (3) the use of a computer; and (4) the offense involved between 10 and 150 images. *Id*. at 278.  The Defendant faced a guideline range of 57-71 months. *Id*. In light of the evidence and arguments made at sentencing, the Sixth Circuit upheld as reasonable the sentence of one

---

[2] U.S. SENTENCING COMMISSION, RESULTS OF SURVEY OF UNITED STATES DISTRICT JUDGES, JANUARY 2010 THROUGH MARCH 2010 Question 1, page 7 (June 2010), available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/surveys/20100608_Judge_Survey.pdf

12

day in prison, 12 months' home confinement, 10 years' supervised release, and a $5,000 fine, emphasizing that the defendant was in treatment while monitored on supervised release. *Id.* at 277-78, 283. The Court's downward variance was supported by a number of reasons, including the defendant's education, mental illness, supportive family, exceptional expression of remorse, immediate cooperation with the investigation, commitment to counseling, and demonstrated promise for rehabilitation. *Id*. at 287-89.

Mr. Bernhardt does not make excuses or false reasoning for doing the criminal acts that he has now pled guilty to.  He cooperated and immediately took responsibility for his actions. All of the evidence indicates that Mr. Bernhardt will never view child pornography again, his own actions have truly disgusted himself. Based upon the foregoing, Mr. Bernhardt knows that he will never get involved in anything like this ever again.  He has expressed the sincerest form of remorse and respectfully requests this Court to give due consideration to all of his mitigating factors when imposing a reasonable sentence.

## IV. CONCLUSION

Mr. Bernhardt respectfully requests that this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Mr. Bernhardt is respectfully requesting this Honorable Court to grant him a variance, sentence him to the mandatory minimum of five (5) years imprisonment, recommend that any term of incarceration be served at FCI Elkton and recommend to the BOP that he be permitted to participate in both residential rehabilitation programs.

    Respectfully Submitted,

    /s/ Kevin M. Cafferkey_____
    **KEVIN M. CAFFERKEY, (#0031470)**

        Attorney for the Defendant
        55 Public Square
        2100 Illuminating Building
        Cleveland, OH 44113
        (216) 363-6014
        kmcafferkey@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Respectfully Submitted,

        /s/ Kevin M. Cafferkey
        **KEVIN M. CAFFERKEY, (#0031470)**
        Attorney for the Defendant